# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SOLAI & CAMERON
TECHNOLOGIES, INC.,

        Plaintiff,

v.                                        Case No:   6:24-cv-1404-WWB-LHP

SOURCEW9, INC.,

        Defendant

_____

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Default Judgment. Doc. No. 44. On review, the motion (Doc. No. 44) will be denied without prejudice.

Plaintiff Solai & Cameron Technologies, Inc. filed a complaint against Defendant SourceW9, Inc. in state court on June 27, 2024, alleging a single claim for breach of contract under Florida law. Doc. No. 1-1. Plaintiff alleges that Defendant failed to comply with various agreements the parties entered into, and as a result owes Plaintiff an outstanding balance of $605,601.62, plus interest, attorneys' fees, and costs. *Id.* Defendant removed the matter to this Court on July 30, 2024 on the basis of diversity jurisdiction. Doc. No. 1.

Defendant was initially represented by counsel, *see* Doc. No. 18, but on June 11, 2025, counsel withdrew.   Doc. No. 39.   The Court provided Defendant thirty (30) days to retain new counsel, but Defendant failed to do so.   Thus, on July 18, 2025, the Clerk of Court entered default against Defendant.   Doc. Nos. 42-43; *see also S.E.C. v. Merchant Cap., LLC*, 486 F. App'x 93, 94 n.1 (11th Cir. 2012) ("It is well established . . . that a business organization cannot appear *pro se* and must be represented by counsel, not merely by a stockholder or officer.").[1]   Plaintiff thereafter filed the present motion for default judgment.   Doc. No. 44.

Upon consideration of the motion, the Court finds numerous deficiencies that preclude its granting.   First, the motion does not contain a memorandum of law as required by Local Rule 3.01(a).   Second, and relatedly, the motion does not set forth the elements of Plaintiff's claim against Defendant nor demonstrate how the well-pleaded allegations of the complaint establish each of those elements.   Without this information, the Court is unable to determine whether Plaintiff is entitled to a default judgment.   *See Hernandez v. Andujar*, No. 8:22-cv-1632-JSM-TGW, 2023 WL 2931712, at *1 (M.D. Fla. Jan. 24, 2023) ("In order to establish liability, the plaintiff must identify the elements of each claim upon which she seeks default judgment, with proper legal citations, and after each element state the admitted facts

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2

supporting satisfaction of that element."). A party is not entitled to a default judgment merely because a clerk's default has been entered. *See Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) ("Although Rule 55 (b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment.") (citing *Color Events, BV v. Multi Talent Agency, Inc.*, No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)).

Plaintiff cannot cure its deficiencies by pointing to the attached affidavit of its co-owner Mallar Solai, *see* Doc. No. 44; Doc. No. 44-1, as whether Defendant is liable for breach of contract is determined based on the well pleaded facts in the complaint, not by supporting evidence. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). *See also Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint); *Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011) (finding that because certain assertions of fact were in an affidavit attached to motion for default judgment and were not alleged in the

complaint, defendant was not deemed to have admitted them by virtue of its default), *report and recommendation adopted,* No. 6:10-cv-807-Orl-31KRS, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011).

Third, Plaintiff has not provided sufficient evidence to establish with any degree of mathematical certainty the amount of damages.  Plaintiff again points solely to the affidavit from Mallar Solai, which is conclusory in nature and provides no explanation for the damages calculations.  *See* Doc. No. 44; Doc. No. 44-1.  In addition, neither the motion nor the affidavit address Plaintiff's requests for interest (it is not clear if this is pre-or-post-judgment interest), attorneys' fees, or costs.  *See, e.g., Almeira v. GB House, LLC*, No. 8:14-cv-00045-T-27AEP, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014) ("Conclusory affidavits are insufficient to establish the amount of damages upon default judgment."); *Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. CIV. A. 08-0005-WS-B, 2008 WL 801702, at *4 (S.D. Ala. Mar. 24, 2008) ("The Court will not rubber stamp damages figures whose origins, meaning, and constituent parts are indeterminate and unexplained.  It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements. . . .").

Accordingly, Plaintiff's Motion for Entry of Default Judgment (Doc. No. 44) is **DENIED without prejudice**.  Plaintiff shall file a renewed motion within **thirty (30) days** from the date of this Order establishing entitlement to default judgment

and addressing each of the issues outlined in this Order by citation to legal authority and pinpoint citations to the complaint, as well as by attachment of supporting evidence. Failure to support any category of requested damages by citation to adequate evidence in support may result in a recommendation that the Court deny the request. Upon receipt of the renewed briefing, the Court will take the motion under advisement and schedule further proceedings, as appropriate.

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties