**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SOLAI & CAMERON
TECHNOLOGIES, INC.,

      Plaintiff,

      v.                            Case No.:  6:24-cv-01404-AGM-LHP

SOURCEW9, INC.,

      Defendant,

**ORDER**

Before the Court is Plaintiff Solai & Cameron Technologies, Inc.'s Motion for Entry of Default Judgment with Memorandum of Law.  Doc. No. 48.  For the reasons discussed herein, Plaintiff's motion (Doc. No. 48) will be denied without prejudice.[1]

On June 27, 2024, Plaintiff instituted this action against Defendant in state court by filing a single-count complaint alleging breach of contract.  Doc. No. 1-1.  Plaintiff alleges that Defendant failed to comply with various agreements that the parties entered into: a Teaming Agreement, a Business Funding Agreement, a First Amendment to the Business Funding Agreement, and a First Amendment to the

---

[1] As discussed in prior orders, Defendant's counsel withdrew on June 11, 2025 and Defendant never secured new counsel, such that default was entered against Defendant on July 18, 2025.  Doc. Nos. 39, 42-43, *see also* Doc. No. 45.

-1-

Teaming Agreement.  *Id.*[2]  Plaintiff alleges that these Agreements are each incorporated into the other and relate to each other, that they are each valid and enforceable under Florida law, and that Defendant breached all four agreements such that Defendant owes Plaintiff an outstanding balance of $605,601.62, plus interest, attorneys' fees, and costs.  *Id.*

On August 19, 2025, Plaintiff moved for default judgment.  Doc. No. 44.  On October 22, 2025, the Court denied Plaintiff's motion without prejudice for several reasons:  (1) the failure to include a memorandum of law as required by Local Rule 3.01(b); (2) the failure to set forth the elements of Plaintiff's claim against Defendant nor demonstrate how the well-pleaded allegations of the complaint establish each of those elements; (3) the failure to provide evidence sufficient to establish the amount of damages with any mathematical certainty as well as the failure to provide any explanation for the damages calculations; and (4) the failure to address Plaintiff's request for interest, attorneys' fees, or costs.  Doc. No. 45.  The Court explained that while liability must be ascertained solely by a review of the allegations of the complaint, and cannot be established via the assertion of new facts by affidavit or other extrinsic evidence, damages can be so established, however a

---

[2] Plaintiff attaches these agreements to the complaint.  Doc. No. 1-1, at 7-21.

conclusory affidavit is insufficient. *Id.* The Court provided Plaintiff thirty (30) days to file a renewed motion. *Id.*

Plaintiff filed the present motion for default judgment on November 21, 2025. Doc. No. 48. Attached to the motion are the Affidavit of Mallar Solai, co-owner of Solai & Cameron Technologies, Inc. (Doc. No. 48-1, at 1-4), and copies of financial records Plaintiff maintained over the course of its business relationship with Defendant. (Doc. No. 48-1, at 5-25). Upon review, however, the motion still suffers from many of the same deficiencies previously identified.

While Plaintiff gives lip service to Local Rule 3.01(b), the motion still fails to explain how the allegations of the complaint, particularly when considered along with the attached copies of each Agreement, establish that one or more contracts have been breached. *See* Fed. R. Civ. P. 10(c); *Transcendent Mktg. & Dev., LLC v. C & C Prop. Invs., LLC*, No. 4:23-CV-318, 2025 WL 687057, at *2 (S.D. Ga. Mar. 4, 2025) (considering documents attached to complaint as part of the operative pleading for purposes of assessing default judgment motion).

First, the Court notes that the copies of the Teaming Agreement and the Business Funding Agreement attached to the complaint are not signed by Plaintiff. Doc. No. 1-1, at 7-16. Plaintiff fails to explain how these unsigned Agreements are valid and enforceable under any applicable law. *See Brenner v. Miller*, No. 09-60235-CIV, 2009 WL 1393420, at *3 (S.D. Fla. May 18, 2009) (citation omitted) (Florida

courts consider the "inclusion of the signatory's title with his signature and the inclusion of specific language binding the individual signatory" among other factors "to determine whether an individual intended to be personally bound by a contract.").

Second, several of the Agreements contain conflicting provisions that render it impossible for the Court to ascertain at this time which of the Agreements are valid and enforceable. Specifically, the First Amendment to the Teaming Agreement includes a paragraph entitled "Entire Agreement" which states that this Amendment "supersedes all prior agreements, written or oral, relating to the subject matter hereof." Doc. No. 1-1, at 21. This appears to be a merger and integration clause that "discharges prior agreements that are within the scope of the final agreement's subject matter or are inconsistent with the final agreement's terms." *Garcia v. Harmony Healthcare, LLC*, No. 8:20-cv-1065-WFJ-AAS, 2021 WL 1610093, at *4 (M.D. Fla. Apr. 26, 2021) (citing Restatement (Second) of Contracts § 213 (1981)). Plaintiff does not explain how this merger and integration clause impacts the validity of the prior Agreements.

In addition, the First Amendment to the Business Funding Agreement, despite having an apparently earlier effective date than the First Amendment to the Teaming Agreement, incorporates the obligations of the Teaming Agreement, the First Amendment to the Teaming Agreement, and the Business Funding

-4-

Agreement.  Doc. No. 1-1, at 18.   The First Amendment to the Business Funding Agreement also states that "[a]ll other Terms and Conditions of the [Business Funding Agreement] remain in full force and effect."  *Id.*  And the Business Funding Agreement, "incorporate[s]" the details of the Teaming Agreement."  Doc. No. 1-1, at 15.  Plaintiff wholly fails to address these conflicting provisions, which call into question Plaintiff's conclusory assertions in its motion that all four Agreements are valid and enforceable contracts, and that Defendant breached all four Agreements. Doc. No. 48, at 2-3.   Relatedly, Plaintiff also does not explain how a failure to provide documents pursuant to one agreement – the First Amendment to the Teaming Agreement – constitutes a "material" breach of any of the Agreements, nor points to which provision(s) of which Agreement(s), if valid, authorized Plaintiff to declare any contract null and void and/or make payment to Plaintiff immediately due and payable.[3]

Given these deficiencies, the Court is unable to state with any certainty that Defendant has breached any Agreement.  Accordingly, Plaintiff's Motion for Entry

---

[3] The Teaming Agreement allows for termination of the contract only under certain conditions, Doc. No. 1-1, at 9-10, and the Business Funding Agreement says that "upon the occurrence of a default under this [Business Funding Agreement], [Plaintiff] has the right to declare all sums under the BFA immediately due and payable," but does not define what default is.  *See* Doc. No. 1-1, at 16.

In addition, although the Teaming Agreement and Business Funding Agreement include choice of law provisions stating that Florida law governs (Doc No. 1-1, at 7-18), the Amendments do not, and given the concerns identified above, it is unclear whether Florida law applies to all four Agreements.

of Default Judgment with Memorandum of Law (Doc. No. 48) is **DENIED without prejudice**. *See Hernandez v. Andujar*, No. 8:22-cv-1632-JSM-TGW, 2023 WL 2931712, at *1 (M.D. Fla. Jan. 24, 2023) ("In order to establish liability, the plaintiff must identify the elements of each claim upon which she seeks default judgment, with proper legal citations, and after each element state the admitted facts supporting satisfaction of that element.").

The Court previously provided Plaintiff an opportunity to file a renewed motion (Doc. No. 45), however, because it appears that many of the deficiencies identified in this Order could be rectified by a renewed motion that contains a robust discussion of the relevant issues and legal authority in support, the Court will provide Plaintiff **one final opportunity** to submit a renewed motion for default judgment.

Plaintiff may file its second renewed motion within **thirty (30) days** from the date of this Order. Such motion **must** address all issues identified in this Order, as well as in the Court's October 22, 2025 Order. The motion **must** contain applicable legal authority in support. Any requested category of damages **must** be supported by citation to adequate evidence that is not conclusory in nature. Failure to file a renewed motion by this deadline and that complies with all directives in this and the October 22, 2025 Order **will** result in a recommendation to the Presiding District Judge that the case be dismissed without prejudice. Alternatively, by this same

deadline, if Plaintiff does not believe that it can file a properly supported default judgment motion, Plaintiff may file an amended complaint that shall be served on Defendant in accordance with Federal Rules of Civil Procedure 4 and 5.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-7-